IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00628-BNB

MICHAEL L. THOMPSON,

    Applicant,

v.

DIVISION OF ADULT PAROLE HEAD STEVE HAGER,
WALT PESTERFIELD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO FILE PRELIMINARY RESPONSE

    Applicant, Michael L. Thompson, currently is incarcerated at the Denver County Jail. Mr. Thompson, acting *pro se*, filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) challenging a parole hold.

    As part of the preliminary consideration of the amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, which is not the model of clarity, and pursuant to *Keck v. Hartley*, 550 F. Supp. 2d 1272 (D. Colo. 2008), the Court determined that a limited Preliminary Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as the Preliminary

Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Preliminary Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

Finally, the Court notes that Applicant lists Steve Hager, head of the Division of Adult Parole, and Walt Pesterfield, who apparently serves as the Colorado Department of Corrections' director of parole, in the caption to the amended Application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Applicant fails to name his custodian at the Denver County Jail as Respondent. The Court has included for purposes of a response the Attorney General of the State of Colorado. If the state attorney general, Steve Hager, or Walt Pesterfield is not an appropriate Respondent, the state attorney general should advise the Court who is the proper Respondent and move for a substitution of party.

Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Preliminary Response.

Dated:  April 7, 2014

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge