IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00628-BNB

MICHAEL L. THOMPSON,

    Applicant,

v.

DIVISION OF ADULT PAROLE HEAD STEVE HAGER,
WALT PESTERFIELD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE AND FOR ANSWER

---

    Applicant, Michael L. Thompson, was a prisoner incarcerated at the Denver County Jail on February 27, 2014, when he initiated this action by filing *a pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging his parole hold. Subsequently, he informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. On March 26, 2014, pursuant to an order, he filed an amended habeas corpus application under 28 U.S.C. § 2241 (ECF No. 7). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On April 7, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 9) directing Respondents to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. Magistrate Judge Boland also directed

Respondents to advise the Court who the proper Respondents are and move for substitution of party if Respondents are not the appropriate parties to respond to Applicant's claims challenging his parole hold.

On May 12, 2014, after being granted an extension of time, Respondents filed a preliminary response (ECF No. 26). On June 2, 2014, Mr. Thompson filed a reply (ECF No. 30) to the preliminary response.

On June 16, 2014, Mr. Thompson submitted four unsolicited documents--a "Request to Enter Facts in Support of, Claims for Clarification, In Abeyence [sic]" (ECF No. 32); a letter to the Court (ECF No. 33); a "Prisoner Complaint Pursuant to 28 U.S.C. 1983" (ECF No. 34); and a "Prisoner's Motion and Affidavit for Leave to Proceed as Indigent Pursuant to 28 U.S.C. § 1915 in a U.S.C. § 1983 Action" (ECF No. 35), which fails to indicate that it should be filed in No. 14-cv-00628-BNB, but which clearly is intended to accompany the tendered prisoner complaint. The complaint (ECF No. 34) and the § 1915 motion (ECF No. 35) will be stricken as inappropriately filed in the instant habeas corpus action. The request to enter facts (ECF No. 32) will be denied for failure to comply with two previous minute orders. In a minute order filed on April 14, 2014 (ECF No. 13), the Court denied Mr. Thompson's request to add a claim to the amended application because the claim he sought to add occurred long after the events addressed in the amended application and generally made no sense, and directed him to initiate a new and separate action if he wished to assert new claims. In a minute order entered on April 30, 2014 (ECF No. 23), Mr. Thompson also was informed that the only document he may submit is a reply within twenty-one days of the preliminary response and that the Court would not address any more filings from Applicant other

than a reply, if he chose to file one. Finally, any arguments Applicant raised in the request to enter facts could and should have been raised in the reply he filed two weeks earlier. *Cf. Saunders v. U.S.*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires a federal court to tolerate needless piecemeal litigation."). Mr. Thompson fails to provide any good reason for failing to do so and, given his discussion of events dating back to 2010, he cannot allege that he was previously unaware of the facts and arguments he raises.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that, for the reasons stated below, this case does not appear to be appropriate for summary dismissal and should be drawn to a presiding judge and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Respondents will be directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the asserted claims.

The Court must construe liberally the filings of Mr. Thompson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

In the amended habeas corpus application, Mr. Thompson alleges that the parole board failed to release him after he was granted parole on October 1, 2010. He claims he never was served with any documentation or given a hearing that would have suspended or revoked his parole. On December 7, 2011, Mr. Thompson initially filed a "Motion in the Nature of a Writ of Mandamus" in *Thompson v. People*, Crowley County District Court Case No. 11cv64, pertaining to the failure to release him after he was

granted parole. ECF No. 26, ex. A. After the Crowley County District Court denied the motion for failure to pay the fee, Mr. Thompson filed an "Amended Motion in the Nature of a Writ of Mandamus Pursuant to C.R.C.P. Rule 106(a)(2)" on January 12, 2012. ECF No. 26, ex. B. As relief, Mr. Thompson asked the Crowley County District Court to (1) order his release to parole, (2) grant him credit toward his period of mandatory parole for the time he remained in prison after October 1, 2010, and (3) grant him earned-time and good-time credit. ECF No. 26, ex. E (*Thompson v. People*, No. 12CA1193 (Colo. Ct. App. Aug. 15, 2013) (unpublished)) at 2. On April 6, 2012, Defendants filed a motion to dismiss which the Crowley County District Court granted on May 8, 2012. ECF No. 26, exs. C, D (state register of actions in No. 11cv64) at 2. On August 15, 2013, the Colorado Court of Appeals affirmed the Crowley County District Court's dismissal of the amended Colo. R. Civ. P. 106(a)(2) petition for mandamus relief. ECF No. 26, ex. E. Respondents contend that, as of May 7, 2014, Mr. Thompson has not petitioned the state supreme court for certiorari review. ECF No. 26, ex. D.

In the interim, on May 24, 2012, Mr. Thompson filed in No. 11cv64 a claim for post-judgment relief, which the Crowley County District Court denied on May 29, 2012. ECF No. 26, ex. D at 2. On June 5, 2012, Mr. Thompson filed a notice of appeal. *Id.* The appeal appears to be pending in the Colorado Court of Appeals.

Respondents note that Mr. Thompson also filed a case concerning a Code of Penal Discipline ruling in Denver District Court Case No. 12cv136, which the district court dismissed on January 23, 2012, as substantially similar to a prior complaint, which was ruled upon in Case No. 10cv9438. ECF No. 26, ex. F at 3. On March 20, 2013, the Colorado Court of Appeals dismissed the appeal. *Id.* at 2. Respondents fail to

4

explain how this case concerning a Code of Penal Discipline ruling is relevant to Mr. Thompson's parole-hold claims.

On January 9, 2014, Mr. Thompson filed an "Amended Motion for Writ of Habeas Corpus Pursuant to C.R.S. § 13-34-101" in *Thompson v. Gallardo*, Denver District Court Case No. 12cv136, again addressing the parole board's failure to release him after granting him parole. ECF No. 26, ex. G. The Denver District Court has not issued a ruling. ECF No. 26, ex. F (state court register of actions in No. 12cv136) at 2.

On February 3, 2014, Mr. Thompson filed in *Thompson v. Colo. Parole Board*, Denver District Court Case No. 14cv58, another "Amended Application for Writ of Habeas Corpus Pursuant to C.R.S. § 13-34-101" again claiming he was granted parole on October 1, 2010, and was not released. He asked the Denver District Court to allow documents from Denver District Court No. 12cv136 and Crowley County District Court No. 11cv64 to be filed in Denver County District Court case 14cv58. ECF No. 26, ex. H at 2. On February 19, 2014, the Denver District Court entered an order denying the amended habeas corpus application stating that "[t]he Petition is nearly identical to Petitioner's petition for a writ of mandamus filed in 11cv64." ECF No. 26, ex. I at 1. The Denver District Court reiterated that Defendants' motion to dismiss had been granted on May 8, 2012, in No. 11cv64 and affirmed by the Colorado Court of Appeals on August 15, 2013. ECF No. 26, exs. I at 1, E.

After the Denver District Court entered its order, Mr. Thompson filed letters and motions with the Denver District Court in No. 14cv58 stating he had additional evidence, which he submitted and asked to Court to reconsider its ruling of February 19, 2014. ECF No. 26, ex. J at 3-4. The district court issued orders on March 5 and 24, 2014,

denying the motions. ECF No. 26, exs. J at 3, K. Respondents contend that, as of May 7, 2014, Mr. Thompson has not filed an appeal with the Colorado Court of Appeals. ECF No. 26, ex. J.

Respondents argue that Mr. Thompson's claims are not exhausted because he failed to present these claims to the Colorado Supreme Court. The Court is not persuaded.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state

6

court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the

Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787, at *4 (D. Colo. Feb. 28, 2011).

The Court is unpersuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); and *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Although the Tenth Circuit has not addressed the specific issue, in *Prendergast v. Clements*, 699 F.3d 1182 (10th Cir. 2012), the Tenth Circuit "suggested" that presentation before the state's highest court is necessary to satisfy the exhaustion requirement. In *Prendergast*, the Tenth Circuit noted that *Boerckel* requires a state

habeas corpus applicant to present his claim to the state's highest court to satisfy the exhaustion requirement. *Prendergast*, 699 F.3d at 1184 n.2.  However, absent a definitive holding by the Tenth Circuit on the effect of Colo. App. R. 51.1, this Court finds nonpersuasive Respondents' contention that Mr. Thompson's failure to raise his claims in a petition for certiorari review to the Colorado Supreme Court demonstrates that the claims are unexhausted.  *See Hoeck v. Timme*, No. 13-cv-02575-WJM, 2014 WL 376398, at *6 (D. Colo. Feb. 03, 2014) (unpublished).  Respondents have not affirmatively shown that the asserted claims are unexhausted.  Therefore, on the basis of the current record, the Court is unable to conclude that Mr. Thompson's claims are unexhausted.

Accordingly, it is

ORDERED that the "Request to Enter Facts in Support of, Claims for Clarification, In Abeyence [sic]" (ECF No. 32) filed on June 16, 2014, is denied for the reasons discussed in this order.  It is

FURTHER ORDERED that the "Prisoner Complaint Pursuant to 28 U.S.C. 1983" (ECF No. 34) and "Prisoner's Motion and Affidavit for Leave to Proceed as Indigent Pursuant to 28 U.S.C. § 1915 in a U.S.C. § 1983 Action" (ECF No. 35) are stricken as inappropriately filed in the instant habeas corpus action.  It is

FURTHER ORDERED that this case is drawn to a presiding judge and, if appropriate, to a magistrate judge.  It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Applicant's

claims.  It is

FURTHER ORDERED that a traverse, if any, and only a traverse, may be filed **within thirty days of the filing of the answer**.

DATED at Denver, Colorado, this  20th  day of   June  , 2014.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court