IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00628-RBJ

MICHAEL L. THOMPSON,

    Petitioner,

v.

STEVE HAGER, Head of Division of Adult Parole,
WALT PESTERFIELD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER

---

    This matter comes before the Court pursuant to the petitioner's Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 7]. For the following reasons, the application is denied as moot, which likewise moots the pending motions in this action [ECF Nos. 53, 54, 61, & 62].

    Mr. Thompson's petition for habeas relief concerns an alleged revocation of parole. According to Mr. Thompson, on October 1, 2010 he had been granted parole while serving time in county jail. His parole was subsequently revoked just days later without any notice or hearing. Mr. Thompson filed writs for mandamus and habeas relief in Crowley County District Court and Denver County District Court, respectively, both of which were denied.

    Mr. Thompson filed the present petition for habeas relief in this Court on February 27, 2014. Since that time Mr. Thompson has been released from jail. Notably, he has served the

entirety of his sentence from which he had sought parole. As such, his petition for habeas relief is moot.

Federal courts are courts of limited jurisdiction. Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to considering only actual cases or controversies. *See, e.g.*, *Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009) (citing U.S. Const. art. III, § 2, cl. 1). "A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it." *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997) (citing *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)). In deciding whether a case is moot, "the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (internal quotation marks and citation omitted).

"If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Kansas Judicial Review*, 562 F.3d at 1245. For example, once a convict's sentence has expired, his habeas petition becomes moot unless there is "some concrete and continuing injury other than the now-ended incarceration or parole," i.e. "some 'collateral consequence' of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). And while the Supreme Court has allowed for the presumption of collateral consequences resulting from a wrongful conviction, it has declined to make such a presumption where a prisoner challenges the revocation of parole.

*See id.* at 7–14. In those situations, the burden is on the petitioner to demonstrate collateral consequences that keep his claim alive. *See id.* at 14.

Here, Mr. Thompson attacks the revocation of his parole, not his underlying convictions. Mr. Thompson admits that he is no longer incarcerated and that he has fully served the sentence for which he sought parole. In doing so, he has made no argument that there are collateral consequences resulting from the wrongful revocation of his parole. Therefore, his interest in the case is extinguished and his request for habeas relief is moot.

Indeed, Mr. Thompson essentially abandons his habeas petition in his letter to the Court filed on February 2, 2015 [ECF No. 61], in which he asks the Court to convert his petition into an action brought under 42 U.S.C. § 1983. The Court denies this request. If Mr. Thompson wishes to bring a § 1983 action he must file a new case with a complaint that addresses the claim's requisite elements and requests the proper form of relief.

## ORDER

For the foregoing reasons, the petitioner's Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 7] is DENIED AS MOOT. The pending motions at ECF Nos. 53, 54, 61, and 62 are likewise DENIED AS MOOT. This civil action is dismissed with prejudice.

DATED this 8th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge